[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12607
Non-Argument Calendar
_____

D.C. Docket Nos. 1:15-cv-00282-WS-B,
1:12-cr-00245-WS-B-1

ERIC DYNELL MCGADNEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(April 10, 2020)

Before BRANCH, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Eric McGadney appeals the district court's denial of his 28 U.S.C. § 2255

motion.  McGadney contends that his counsel's representation at sentencing was

deficient because counsel made an affirmative representation to the court that his Alabama conviction for escape in the second degree qualified as a "crime of violence" for career offender purposes and because counsel failed to file a notice of appeal after McGadney instructed him to do so.  We affirm.

## I.    Background

In 2012, a federal grand jury in the Southern District of Alabama indicted McGadney on two criminal charges related to his possession of ecstasy, a controlled substance.[1]  McGadney entered into a written plea agreement with the government, in which he pleaded guilty to both counts.[2]

Prior to sentencing, the Probation Office prepared a presentence investigation report ("PSI").  The PSI determined that, because McGadney had two prior felony convictions of either a crime of violence or a controlled-substance offense, and his current conviction was likewise a felony crime of violence or controlled-substance offense, McGadney was a career offender under the Sentencing Guidelines, pursuant to U.S.S.G. § 4B1.1(b)(2).[3]  His offense level

---

[1] Specifically, the indictment asserted that (1) he possessed ecstasy with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1); and (2) he used the U.S. mail in facilitating the commission of his crime, in violation of 21 U.S.C. § 843(b).

[2] Although this plea agreement contained an appeals waiver, the waiver excepted a limited set of claims, including ineffective assistance of counsel.

[3] In relevant part, Section 4B1.1 of the Sentencing Guidelines states: "A defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. . . .  Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense

2

was, therefore, enhanced to 34, a 12-level increase from what it would otherwise have been.  He received a three-level decrease for acceptance of responsibility, bringing his total offense level to 31.  The PSI also contained McGadney's criminal history, of which three felony convictions are particularly relevant to the resolution of this appeal.  First, in 2001, McGadney pleaded guilty to possessing at least 400 grams of cocaine in Texas.  Second, in 2006, McGadney was convicted of second-degree escape in Mobile County, Alabama.  Third, in 2008, McGadney pleaded guilty in connection with a marijuana trafficking offense.  With the career-offender enhancement, McGadney's criminal history category was VI.  These calculations resulted in a guidelines range of 188 to 235 months' imprisonment.

The district court held a sentencing hearing on May 14, 2014.  McGadney's counsel initially objected to the use of the Alabama conviction for second-degree escape as a qualifying felony for the career-offender enhancement, arguing that McGadney lacked adequate notice that this conviction would be used as part of the career-offender enhancement, and so its use violated due process.  After this argument failed, counsel conceded that "the Eleventh Circuit is pretty clear that [second degree escape] is a prior qualifying felony, so I'm not going to argue that point to the Court," but asked the court to consider "the underlying facts regarding

---

level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI."  U.S.S.G. § 4B1.1.

that escape second" when deciding whether to enhance his sentence.  The district court overruled these objections raised by McGadney to the career-offender enhancement.  Although the court suggested that the Texas cocaine conviction would not qualify based on some recent caselaw, it concluded that the second-degree escape and marijuana trafficking convictions otherwise qualified as predicate offenses for the enhancement.

After considering the arguments, the district court emphasized the 18 U.S.C. § 3553(a) factors and gave significant weight to McGadney's lengthy criminal history.  The court also stated:

> And so when I look at this case, it's – you know, the thing that's driving it, driving punishment in this case is a lot of what we've already talked about here, and that's your status as a career offender. And you get there because of your prior history, and you've got a lot of criminal history here.  You've generated 12 criminal history points, three felony convictions, and now this is your fourth felony conviction.

The court further stated, "[s]o, you know, I have here a situation where the guideline range is really high for you.  I mean, it is, and it is what it is because of your prior history."  Thus, the court imposed a 188-month sentence for Count 1, at the low end of his guidelines, and a concurrent 48-month sentence for Count 2, reasoning that this sentence "addresses the seriousness of the offense and the sentencing objectives of punishment, deterrence, and incapacitation."

4

At the end of the sentencing hearing, the government asked whether the district court would have imposed this same sentence regardless of the Guidelines calculations.  The district court stated that it would have: "Yeah.  I think I've indicated . . . that's the sentence that satisfies the sentencing objectives of Section 3553(a), and that's the sentence that's entered according to that statute."  McGadney's counsel did not advance any objections after the district court imposed the sentence.  The district court entered a final judgment on May 20, 2014, confirming McGadney's convictions and sentences.  McGadney did not file a notice of appeal.

In May 2015, McGadney submitted a *pro se* motion to vacate sentence, pursuant to 28 U.S.C. § 2255.  McGadney claimed that his counsel was ineffective for failing to conduct an adequate investigation into whether McGadney's prior criminal convictions qualified as career offender predicates and for not filing a notice of appeal despite McGadney's requests that he do so.

In June 2017, a magistrate judge concluded that the second-degree escape and marijuana trafficking convictions were both qualifying felonies for purposes of the career-offender enhancement and that McGadney could not establish prejudice given the court's unambiguous statement that it would have imposed this sentence regardless of the Guidelines range.  Nonetheless, the magistrate judge concluded

5

that an evidentiary hearing was necessary on McGadney's claim that he directed counsel to file a notice of appeal.

At the hearing, McGadney presented testimony from three witnesses, including himself. First, Kimberly Busby, a former girlfriend, testified that she spoke to McGadney's counsel on his behalf regarding an appeal, and counsel had indicated the appeal "was being processed." However, she was unaware that McGadney had chosen to plead guilty, had no knowledge of his cooperation with law enforcement to obtain a reduced sentence, could not say when McGadney found out an appeal had not been filed, and never contacted the court to find out if an appeal had been filed. Second, Felicia Dorsey testified that McGadney expressed an interest in appealing at the courthouse after the district court imposed its sentence. She conceded, though, that she had no way of knowing if McGadney subsequently changed his mind.

Third, McGadney testified that he had consistently indicated an intent to appeal. He admitted trying to cooperate with the government for a reduced sentence and could not specify when he found out no appeal had been filed. McGadney explained that he first told his counsel in the courtroom after sentencing that he wanted to appeal, he then told counsel on a call from jail that he wanted to appeal, but did not have any further contact or discussions with his counsel and never asked the court about his appeal. McGadney then clarified that

6

he sent emails from jail to his counsel asking him to appeal, but that counsel kept asking about cooperating with the government instead.

The government called McGadney's trial counsel as a witness. He explained that his protocol was to file an appeal "if there's any doubt" as to a client's intentions. He noted that the process to file a notice of appeal took only several minutes and that he "[n]ever" had refused to file a notice of appeal if the client requested one. He testified that McGadney initially told him right after sentencing that he wanted to appeal, but on May 21 he received a voicemail from McGadney stating that he did not want to appeal. On May 22, counsel had a conversation with Busby about McGadney's efforts to cooperate, as reflected in his attorney time records. Over the next three to five months, counsel assisted McGadney in his cooperation efforts by forwarding to the government information from McGadney about other possible drug dealers. During these email exchanges, there was "absolutely no discussion of an appeal" because the strategy was to seek a substantial assistance reduction from the government.

After the hearing, the magistrate judge entered a report and recommendation ("R&R"), rejecting McGadney's claim regarding his intent to appeal his sentence.[4]

---

[4] Regarding the conflict in the evidence, the magistrate judge credited counsel's testimony that "while McGadney and his family initially expressed a desire to appeal, McGadney later instructed him, via voice message, not to pursue the appeal, and that Busby, through whom McGadney often used to communicate with counsel, confirmed such." The magistrate judge concluded that McGadney's testimony about directing counsel to file an appeal was not entirely credible, as his testimony was contradictory and was disputed by counsel's emails indicating that

The district court adopted the R&R, issued an order denying the § 2255 motion and a certificate of appealability ("COA"), and entered a separate judgment. McGadney submitted a *pro se* notice of appeal and sought a COA from this Court. A single judge of this Court granted McGadney's motion for a COA on the following two issues: (1) Whether McGadney's counsel was ineffective for failing to object to his enhanced career-offender sentence on the basis that his prior Alabama conviction for escape in the second degree did not qualify as a predicate crime of violence under the Sentencing Guidelines; and (2) Whether McGadney's counsel was ineffective for failing to file a notice of appeal, despite being instructed to do so. This court also appointed counsel.

## II.    Standard of Review

With respect to proceedings under 28 U.S.C. § 2255, we review legal issues *de novo* and factual findings for clear error. *United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999). Under the clear error standard, "[a] factual finding is clearly erroneous only when [we], after reviewing all of the evidence, [are] left with 'the definite and firm conviction' that a mistake has been committed." *In re Piazza*, 719 F.3d 1253, 1273 (11th Cir. 2013). As the §2255 movant, McGadney bears the burden of proof. *See LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014).

---

McGadney wanted to pursue cooperation instead of an appeal.

Additionally, in an appeal from a § 2255 proceeding, "[w]e allot substantial deference to the factfinder . . . in reaching credibility determinations with respect to witness testimony. Generally, we refuse to disturb a credibility determination unless it is "so inconsistent or improbable on its face that no reasonable factfinder could accept it." *Rivers v. United States*, 777 F.3d 1306, 1316–17 (11th Cir. 2015) (internal citations and quotations omitted). Accordingly, we will uphold the district court's credibility determinations "unless the court's understanding of the facts appears to be unbelievable." *Id.* at 1317.

## III.    Discussion

We evaluate ineffective-assistance claims under a two-part standard: first, McGadney must establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and, second, he must demonstrate "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The prejudice prong of the *Strickland* test requires the movant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

McGadney argues that his counsel was ineffective for failing to recognize and argue that his prior conviction for Alabama second-degree escape did not qualify as a crime of violence as required for purposes of the career offender

9

enhancement.[5]  Ala. Code § 13A-10-32 states that a person "commits the crime of escape in the second degree if he escapes or attempts to escape from a penal facility."  Ala. Code § 13A-10-32.  The Commentary to this statutory scheme provides that § 13A-10-32 "covers escape from a penal facility regardless of the underlying charge because a penal facility is an institution which has substantial security requirements and there is, therefore, a great element of danger in planning and executing escapes."  *Id.* § 13A-10-33, comment.  Moreover, it provides that a "penal facility may be a state prison, jail, or reformatory."  *Id.*

We have not "clearly" stated whether Alabama's second degree escape constitutes a crime of violence, as counsel erroneously suggested at McGadney's sentencing.[6]  However, even assuming *arguendo* that counsel's performance was

---

[5] At the time of sentencing, U.S.S.G. § 4B1.1 provided that a defendant is a career offender if (1) he was at least 18 years old when he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a) (Nov. 1, 2012).  A "crime of violence" was defined as a felony under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, "or otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a) (Nov. 1, 2012).

[6] Though we have not clearly decided, we note that in *United States v. Proch*, we held in 2011 that the Florida offense of escape from a jail or from custody while being transported to or from jail, pursuant to Fla. Stat Ann. § 944.40, was a violent felony for purposes of the Armed Career Criminal Act's residual clause because "[e]scapes from custody, like burglary, will almost always involve the police attempting to apprehend the escapee and are likely to cause 'an eruption of violence' upon discovery.'"  637 F.3d 1262, 1268–69 (11th Cir. 2011).  And the case McGadney's counsel relied on, *Newman v. United States*, No. 2:11CV884-MHT, 2014 WL 1047113 (M.D. Ala. Mar. 18, 2014), itself relied heavily on *Proch*.  *See id.* at *3.

deficient in this regard, McGadney cannot establish prejudice. It is true that the court relied heavily on the career-offender enhancement when calculating the guidelines. It is equally clear that the enhancement was on the court's mind when fashioning a sentence. However, the district court also continuously referred to McGadney's lengthy criminal history. Further, the district court stated that it would have imposed the sentence regardless of what the guidelines calculations were. Thus, McGadney cannot establish a reasonable probability that, but for counsel's alleged error, the outcome would have been different. *See Osley v. United States*, 751 F.3d 1214, 1228 (11th Cir. 2014) (holding that a § 2255 movant could not establish prejudice based on counsel's failure to object to an alleged Guidelines miscalculation where "the record abundantly reveals that the district court would have imposed the same sentence even without the alleged [error]"); *see also United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (holding, in the context of a direct appeal, that a guideline error is harmless if the district court unambiguously expressed that it would have imposed the same sentence, even without the erroneous calculation). We thus affirm the district court's denial of McGadney's first claim of ineffective assistance.

As to McGadney's second claim, that his counsel was ineffective for failing to file the requested notice of appeal, it is true that failure to file an appeal when requested by the defendant is generally ineffective assistance of counsel. *See Roe*

11

*v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  But the district court credited counsel's testimony—that McGadney ultimately decided against filing an appeal—over McGadney's testimony and his two witnesses' testimonies.  McGadney has not shown that counsel's testimony was "so inconsistent or improbable on its face that no reasonable factfinder could accept it."  *Rivers*, 777 F.3d at 1317 (internal quotations omitted).  Thus, we will not disturb this credibility determination.  *Id.* In light of the district court's credibility determination, McGadney failed to establish that his counsel's performance was deficient under *Strickland.* Accordingly, we affirm.

**AFFIRMED.**